# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| WEST VIRGINIA, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | No. 24-1120 |
| | ) | (and consolidated cases) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## RESPONDENTS' MOTION TO ALIGN STAY MOTION BRIEFING SCHEDULES, AND FOR LEAVE TO FILE A COMBINED RESPONSE ON JUNE 11, 2024

Respondents the United States Environmental Protection Agency and its Administrator, Michael S. Regan (collectively, "EPA"), in accordance with Federal Rules of Appellate Procedure 26(b) and 27 and Circuit Rule 27(g), respectfully seek relief intended to facilitate judicial economy by enabling the submission of consolidated briefing on the questions presented in Petitioners' stay motions. Specifically, EPA requests that the Court (1) set a deadline of May 24, 2024, for the submission of any additional motions to stay the rule under review; (2) set an extended deadline of June 11, 2024, for EPA to file a combined response to all motions to stay the rule pending as of May 24, 2024 (and for Movant-Intervenors to file or lodge any responses); and (3) grant leave to EPA to file a single

consolidated response to the stay motions with an expanded word count equal to the aggregate word count of all motions to stay filed by the requested May 24, 2024 deadline. Counsel for EPA has consulted with counsel for Petitioners and understands that Petitioners do not oppose the relief requested, except that the petitioners in Case Nos. 24-1120, 24-1121, 24-1122, and 24-1124 oppose EPA's request for a commensurate word count and state that they believe EPA's word-count should be limited to a consolidated response of 13,500 words.

In support of this motion, EPA states as follows:

1. The six consolidated petitions in this case challenge a final EPA action comprised of a set of related regulations ("the Rule") promulgated together under Section 111 of the Clean Air Act, and generally addressing greenhouse gas emissions from fossil fuel-fired power plants. As relevant to the pending stay motions, the Rule establishes new emission guidelines for greenhouse gas emissions from existing fossil fuel-fired steam generating power plants, and revises the greenhouse gas emission standards for new stationary combustion turbine power plants. The Rule was signed by the EPA Administrator on April 24, 2024, made available on EPA's website the next day, and then published in the Federal Register on May 9, 2024. 89 Fed. Reg. 39,798. The Rule becomes effective on July 8, 2024, *id.*, and additional petitions for review may be filed within 60 days of Rule publication, or by July 8, 2024, 42 U.S.C. § 7607(b)(1).

2. Petitioners West Virginia et al. in Case No. 24-1120 filed a motion to stay the Rule on May 13, 2024. With appended declarations, West Virginia's filing is 592 pages in length.

3. Petitioner National Rural Electric Cooperative Association ("the Association") in Case No. 24-1122 filed a separate motion to stay the Rule on the same date. With appended declarations, the Association's filing is over 350 pages in length.

4. Pursuant to Federal Rule of Appellate Procedure 27, EPA's response to these two pending motions is due on May 23, 2024.

5. Petitioners in Case Nos. 24-1121 and 24-1128 have advised counsel for EPA that they also intend to file motions for a stay. Given the high level of interest during the public comment period, additional interested parties (including existing petitioners and parties who have not yet filed petitions) may also file stay motions. Previous rules affecting emissions from fossil fuel-fired power plants have drawn large numbers of stay motions. For example, in litigation concerning prior EPA standards for greenhouse gas emissions, nine stay motions were filed. *See West Virginia v. EPA*, Nos. 15-1363 et al.[1]

---

[1] Other cases involving emissions from power plants have similarly involved numerous stay motions. In *EME Homer City Generation v. EPA* (Case Nos. 11-1302 et al.), 19 separate stay motions were filed. In the pending case of *Utah v. EPA* (Case Nos. 23-1157 et al.), 8 stay motions were filed.

6. Consolidated briefing on the question of whether to stay EPA's Rule pending judicial review will serve the interests of judicial economy by allowing the Court to consider similar or identical issues in a single set of briefing, rather than numerous motions filed seriatim, and to decide those issues in a single ruling. The Court has previously acted to facilitate such consolidated briefing in similar situations. For example, in Case No. 15-1363, referenced above, which likewise involved power plants and greenhouse gas emission standards, the Court granted EPA's request for a consolidated briefing schedule for stay motions. *See* Order, *West Virginia v. EPA*, Nos. 15-1363 et al., ECF No. 1580781 (Oct. 29, 2015) (providing one week for the filing of any additional stay motions and 28 additional days for EPA's consolidated response). Ensuring coordinated and consolidated briefing would likewise promote judicial economy here.

7. EPA requests, specifically, that the Court establish a deadline of May 24, 2024, for the filing of any additional motions to stay the Rule, and an extended deadline of June 11, 2024, for EPA to file a combined response to those motions (and for Movant-Intervenors to file or lodge any responses).[2]

---

[2] EPA's request is based on conversations with Petitioners concerning the pending and anticipated motions for stay. At this point in time, however, EPA is not certain as to how many additional interested parties intend to file petitions for review and could then seek to file stay motions. In the event that significantly more motions than anticipated are filed, EPA reserves the right to request an appropriate limited further extension of time to respond.

8. A May 24, 2024, deadline is reasonable as the Rule has been publicly available since it was made available on EPA's web site on April 25, 2024, and two motions by a representative cross-section of interested parties have already been filed.[3]

9. The requested additional period to respond to the two pending motions and additional anticipated stay motions is necessary to provide assigned DOJ counsel with ample time to familiarize themselves with the matter and address the wide range of claims set forth in the stay motions (the two pending motions, with supporting declarations, alone run almost 1000 pages), as well as to provide for necessary client agency and management review within both EPA and the Department of Justice. In addition, one assigned counsel (Chloe Kolman) is in merits briefing on another case before this Court, and largely unavailable.

10. The requested coordinated briefing schedule will not prejudice Petitioners, who have consented to these proposed deadlines. Coordinated stay briefing will likely reduce the time needed to conclude stay briefing in this Court by teeing up issues for resolution in a single ruling – and on a schedule faster than what might apply if EPA were responding to future motions one by one.

---

[3] While it is possible that additional parties will file petitions for review of the Rule after the requested deadline for stay motions, this Court can appropriately defer consideration of any additional stay motions until after it has ruled on the pending motions.

11. Moreover, the Rule itself does not become effective until July 8, 2024, and after the Rule becomes effective, the Rule does not impose any imminent compliance obligations. Petitioners, for example, largely contest EPA's selection of carbon capture and sequestration as the best system of emission reduction for existing coal-fired steam generating units, but under the Rule, the standards of performance premised on the application of that system would not go into effect for over seven years, or until January 1, 2032.[4] Moreover, for existing sources, additional state or federal implementation actions are required before standards of performance for individual sources go into effect, and states have two full years under the Rule to submit their implementation plans (although they are not required to submit such plans at all).[5]

12. Finally, EPA requests an enlarged word count for its requested combined response equal to the collective word count of all stay motions filed on or before the requested deadline of May 24, 2024. The requested expanded word

---

[4] Petitioners also contest EPA's selection of 40% natural gas co-firing for existing units retiring prior to 2039, but the standards of performance premised on the application of that system do not go into effect for over five years, or until January 1, 2030.

[5] For similar reasons, the State Petitioners' request for an administrative stay pending resolution of stay motions should be rejected. Under EPA's proposed schedule, the Court could decide stay motions before the Rule becomes effective on July 8, 2024, and where the Rule's requirements are years away, there is no irreparable harm associated with the 19-day extension of briefing contemplated by EPA's proposal.

count would equitably enable EPA to address the range of issues raised in the stay motions in a commensurate level of detail. Petitioners' suggestion that EPA be limited to only 13,500 words is unreasonable where Petitioners have confirmed there will be at least four stay motions filed (totaling approximately 20,800 words), and where there may be other stay motions filed before May 24th as well.

13. For these reasons, EPA respectfully requests that the Court (1) set a deadline of May 24, 2024, for the submission of any additional motions to stay the Rule under review; (2) set an extended deadline of June 11, 2024, for EPA to file a combined response to all motions to stay the Rule filed by that deadline (and for Movant-Intervenors to file or lodge any responses); and (3) grant leave to EPA to file a single consolidated response to the stay motions with an expanded word-count equal to the aggregate word count of all timely-filed stay motions to which it is responding. EPA further respectfully requests that even if the Court declines to set a deadline of May 24, 2024, for the filing of additional stay motions, that this Court grant the remainder of the relief requested.

DATED: May 15, 2024                    Respectfully submitted,

                                                    TODD KIM
                                                  Assistant Attorney General

                                                  */s/ Eric G. Hostetler*
                                                  ERIC G. HOSTETLER
                                                  CHLOE H. KOLMAN
                                                  ELLIOT HIGGINS
                                                  U.S. Department of Justice
                                                  Environmental Defense Section
                                                  P.O. Box 7611
                                                  Washington, D.C.  20044
                                                  (202) 305-2326
                                                  eric.hostetler@usdoj.gov

## CERTIFICATE OF COMPLIANCE

  I hereby certify that this motion complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font.

  I further certify pursuant to Fed. R. App. P. 32(f) and (g) that this motion contains 1,614 words, excluding exempted portions, according to the count of Microsoft Word, and that this motion complies with the type-volume limitation set forth in Fed. R. App. P. 27(d)(2)(A).

              */s/ Eric G. Hostetler*
              ERIC G. HOSTETLER

## CERTIFICATE OF SERVICE

  I hereby certify that on this 15th day of May, 2024, the foregoing Motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will cause of copy of this Motion to be served upon all attorneys of record in this matter.

              */s/ Eric G. Hostetler*
              ERIC G. HOSTETLER