# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 24-1120**  September Term, 2023

EPA-89FR39798

Filed On: July 19, 2024

State of West Virginia, et al.,

    Petitioners

    v.

Environmental Protection Agency and
Michael S. Regan, Administrator, United
States Environmental Protection Agency,

    Respondents

------------------------------

Louisiana Public Service Commission, et al.,
    Intervenors

------------------------------

Consolidated with 24-1121, 24-1122,
24-1124, 24-1126, 24-1128, 24-1142,
24-1143, 24-1144, 24-1146, 24-1152,
24-1153, 24-1155, 24-1222, 24-1226,
24-1227, 24-1233

    **BEFORE:**    Millett, Pillard, and Rao, Circuit Judges

### O R D E R

Upon consideration of the motions for stay, the oppositions thereto, the replies, the Rule 28(j) letter, and the responses thereto; and the motions to participate as amici curiae and the lodged amicus briefs, it is

**ORDERED** that the motions of the Chamber of Commerce, the Sierra Club, the Environmental Defense Fund, and Professor Rachel Rothschild to participate as amici curiae be granted. The Clerk is directed to file the lodged amicus briefs. It is

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 24-1120**                                   **September Term, 2023**

**FURTHER ORDERED** that the motions for stay be denied.  Petitioners have not satisfied the stringent requirements for a stay pending this court's review.  *See Nken v. Holder*, 556 U.S. 418, 434 (2009); D.C. CIRCUIT HANDBOOK OF PRAC. AND INTERNAL PROCS. 33 (2021).

On the merits, petitioners dispute whether the Environmental Protection Agency ("EPA") acted arbitrarily or capriciously in determining that carbon capture and other emission control technologies are adequately demonstrated, or that specific degrees of emission mitigation are achievable with those technologies.  But petitioners have not shown they are likely to succeed on those claims given the record in this case.  Nor does this case implicate a major question under *West Virginia v. EPA*, 142 S. Ct. 2587 (2022), because EPA has claimed only the power to "set emissions limits under Section 111 based on the application of measures that would reduce pollution by causing the regulated source to operate more cleanly[,]" a type of conduct that falls well within EPA's bailiwick, *id.* at 2610.

On irreparable harm, actual compliance deadlines do not commence until 2030 or 2032—years after this case will be resolved.  Though the first deadline for States to submit state implementation plans is May 2026, the only consequence of failing to submit a state plan is the promulgation of a federal plan—which the States can replace with their own plans later.  EPA Opp., Ex. 1, Goffman Decl. ¶ 100.  To the extent petitioners claim harm due to the need for long-term planning, a stay will not help because the risk remains that the distant deadlines in EPA's rule will come back into force at the end of the case.

EPA has suggested that this case be expedited as an alternative means of protecting all parties' interests.  Accordingly, to ensure this case can be argued and considered as early as possible in the court's 2024 term, it is

**FURTHER ORDERED** that the parties submit, within 14 days from the date of this order, proposed formats and schedules for the briefing of these cases.  The parties are strongly urged to submit a joint proposal and are reminded that the court looks with extreme disfavor on repetitious submissions and will, where appropriate, require a joint brief of aligned parties with total words not to exceed the standard allotment for a single brief.  Whether the parties are aligned or have disparate interests, they must provide detailed justifications for any request to file separate briefs or to exceed in the

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-1120**                       **September Term, 2023**

aggregate the standard word allotment. Requests to exceed the standard word allotment must specify the word allotment necessary for each issue.

### Per Curiam

                                           **FOR THE COURT:**
                                           Mark J. Langer, Clerk

                         BY:     /s/
                                             Selena R. Gancasz
                                             Deputy Clerk